# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY FIELDS** | **CIVIL ACTION** |
| **versus** | **NO. 12-2143** |
| **N. BURL CAIN, WARDEN** | **SECTION: "S" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

On April 4, 1986, petitioner, Leroy Fields, pleaded guilty to simple robbery under Louisiana law. On that same date, he was sentenced to a term of two years imprisonment; however, that sentence was suspended, and he was placed on probation for two years.[1] On November 21, 1986, his probation was revoked, and the original two-year sentence was made executory.[2]

---

[1] State Rec., Vol. I of II, minute entry dated April 4, 1986; State Rec., Vol. I of II, guilty plea form.

[2] State Rec., Vol. I of II, minute entry dated November 21, 1986.

On August 20, 2012, petitioner filed the instant federal *habeas corpus* application to challenge the validity of that conviction.[3] The state argues that this Court lacks jurisdiction to entertain the challenge.[4] The state is correct.

As the state notes, federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added). Once a sentence imposed for a conviction has fully expired, a federal *habeas corpus* petitioner is no longer considered to be "in custody" with respect to that conviction. Maleng v. Cook, 490 U.S. 488, 492 (1989). Because petitioner is no longer in custody with respect to his 1986 conviction, the Court lacks subject matter jurisdiction to entertain a challenge to that conviction. Emerson v. Louisiana, Civ. Action No. 10-1846, 2010 WL 5375984, at *2 (E.D. La. Nov. 18, 2010), adopted, 2010 WL 5376359 (E.D. La. Dec. 14, 2010); Silvo v. Cain, Civ. Action No. 09-3692, 2009 WL 3151166, at *1 (E.D. La. Sept. 30, 2009); Johnson v. Hubert, Civ. Action No. 08-688, 2008 WL 1746727, at *2 (E.D. La. Apr. 11, 2008).

However, out of an abundance of caution, the Court makes an additional observation. Petitioner is currently incarcerated based on a 2000 state criminal judgment, having been sentenced to life imprisonment as a third offender based in part on his 1986 conviction. Fields v. Cain, No. 05-0074, 2007 WL 458208 (E.D. La. Feb. 8, 2007), *certificate of appealability denied*, No. 07-30241 (5th Cir. Oct. 4, 2007). Under these circumstances, this *habeas corpus* petition could be

---

[3] Rec. Doc. 1.

[4] Rec. Doc. 13.

construed as a petition challenging the sentence from 2000. Maleng, 490 U.S. at 493-94; Silvo, 2009 WL 3151166, at *2. However, it would be futile to construe the instant petition in that manner for the following reasons.

Petitioner challenged his 2000 conviction and enhanced sentence in a previous § 2254 petition,[5] and that petition was dismissed with prejudice. Fields, 2007 WL 458208. Therefore, he may not pursue another challenge to the 2000 conviction or sentence without first obtaining authorization from the United States Fifth Circuit Court of Appeals to file a second or successive application. See 28 U.S.C. § 2244(b). Because he has not complied with that requirement, this Court may not entertain another challenge to the 2000 state criminal judgment.

The Court further notes that, in any event, his challenge to the 2000 multiple offender adjudication and sentence would be foreclosed by Lackawanna County District Attorney v. Cross, 532 U.S. 394 (2001). In Lackawanna, the United States Supreme Court stated:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Id. at 403-04 (citation omitted).

Petitioner's 1986 conviction is no longer open to direct or collateral attack, in that his sentence for that conviction has fully expired and his limitations period for any such attack ended

---

[5] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

long ago. Therefore, Lackawanna would clearly prohibit him from challenging his 2000 enhanced sentence in a § 2254 petition on the ground that the 1986 conviction was illegal. See Silvo, 2009 WL 3151166, at *2; Johnson, 2008 WL 1746727, at *3.[6]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Leroy Fields be **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[6] The Supreme Court noted that the Lackawanna prohibition would not apply when it is argued that the predicate conviction was unconstitutional because it was obtained where there was a failure to appoint counsel as required by Gideon v. Wainwright, 372 U.S. 335 (1963). Lackawanna, 532 U.S. at 404. However, that limited exception is clearly inapplicable in this case. The record reflects that petitioner was represented by attorney Calvin Johnson in the 1986 proceeding. State Rec., Vol. I of II, minute entry dated April 4, 1986.

The Supreme Court further noted that the Lackawanna prohibition may not apply if the federal *habeas corpus* petition is, effectively, the first and only forum available for review of the challenge to the prior conviction. Lackawanna, 532 U.S. at 405; see also Flot v. Cain, Civ. Action No. 05-6439, 2007 WL 2491388, at *9 n.33 (E.D. La. Aug. 30, 2007). That potential exception is also inapplicable here. Louisiana law clearly allowed petitioner to assert his claims in a timely state post-conviction application directly challenging the 1986 conviction. See La.C.Cr.P. art. 926 *et seq.* Petitioner also could have challenged the constitutionality of that conviction and its use to enhance his current sentence in the 2000 multiple offender hearing, see La.Rev.Stat.Ann, § 15:529.1(D)(1)(b), and in any related appeal.

a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this tenth day of December, 2012.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.