# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY FIELDS** | **CIVIL ACTION** |
| versus | **NO. 12-2143** |
| **N. BURL CAIN, WARDEN** | **SECTION: "S" (1)** |

## ORDER

The Court, having considered the petition, the record, the applicable law and the Report and Recommendation of the United States Magistrate Judge, and the petitioner's objection to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion.

In this habeas corpus proceeding brought under 28 U.S.C. § 2254, the petitioner seeks to attack a two year prison sentence he received in 1986. Petitioner has completely served that sentence. In 2000, petitioner was sentenced to life imprisonment as a third time offender after a separate conviction. The 1986 conviction formed part of the basis for petitioner's career offender adjudication. The United States Magistrate Judge found that petitioner could not longer attack his 1986 conviction because he is no longer in custody pursuant to that conviction and his limitations period for doing so ended long ago. Further, the United States Magistrate Judge noted that petitioner previously filed an unsuccessful § 2254 in connection with his 2000 conviction, and he would need leave from the United States Court of Appeals for the Fifth Circuit to file a second and successive § 2254 attacking his 2000 conviction.

Petitioner, citing State v. Blackburn, 384 So.2d 406 (La. 1980), argues that this court has jurisdiction to hear his § 2254 attacking his 1986 conviction. In Blackburn, the Supreme Court of Louisiana found that the fact that a petitioner was released before his petition for state court post-

conviction relief was fully adjudicated did not render it moot because conviction subjected the petitioner to "collateral consequences" such as enhanced sentences for future convictions. In this case, petitioner contends that the fact that he has fully served his 1986 sentence does not render a collateral attack on that sentence moot because it could be used to subject him to multiple offender sentence enhancements.

Although petitioner has been subjected to multiple offender sentence enhancements for his 1986 conviction, as noted by the United States Magistrate Judge, the time for challenging that conviction by means of § 2254 has long since passed. Further, a petitioner that is not longer serving a sentence imposed pursuant to the conviction he seeks to attack cannot bring a federal habeas petition directed at that conviction. Lakawanna Cnty. Dist. Attorney v. Cross, 121 S.Ct. 1567, 1573 (2001). Accordingly,

**IT IS ORDERED** that the federal petition of **Leroy Fields** for *habeas corpus* relief is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

New Orleans, Louisiana, this 19 day of December 2012

_____
UNITED STATES DISTRICT JUDGE